**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

────────────────────────────────

**JOSEPH WILSON PLATER,**

                              **Petitioner,**

  **v.**                                          **Civil Action No.**
                                                  **9:08-CV-380 (GLS)**

**SUPERINTENDENT, Cayuga**
**Correctional Facility,**

                              **Respondent.**

────────────────────────────────

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PETITIONER:**

**JOSEPH WILSON PLATER**
Petitioner pro se
95-B-2336
Cayuga Correctional Facility
P.O. Box 1150
Moravia, New York 13118

**FOR THE RESPONDENT:**

**HON. ANDREW M. CUOMO**              **JODI A. DANZIG**
Attorney General for the State of New York   Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, New York 10271

**GARY L. SHARPE**
**UNITED STATES DISTRICT JUDGE**


**<u>ORDER</u>**

## I. Introduction

Petitioner Joseph Wilson Plater ("Plater" or "Petitioner") is currently

an inmate in the custody of the New York State Department of

Correctional Services at Cayuga Correctional Facility as a result of a 1995

conviction for first degree burglary and second degree assault (two

counts). Petitioner is serving a concurrent indeterminate term of five to

fifteen years in prison.  *See* Dkt. No. 6, Respondent's Answer in

Opposition to the Petition for a Writ of Habeas Corpus ("Answer"), at 1-2;

Respondent's Memorandum of Law ("Resp't Mem."), at 1.  He

commenced this proceeding seeking habeas review of the Cayuga

Correctional Facility's Time Allowance Committee ("TAC")'s decision to

withhold five years of good time credit based upon Petitioner's failure to

complete the prison's Alcohol and Substance Abuse Treatment ("ASAT")

program.  For the reasons that follow, the petition is **DENIED**.

## II. Background

### A. Facts

On or about September 28, 2004, the TAC scheduled a hearing

concerning the possibility of withholding Petitioner's available good time

credits based upon his refusal to participate in the prison's ASAT

2

program.  Resp't Mem. at 2; Dkt. No. 9, Ex. B, Verified Article 78 petition,

at 10; Ex. C, Verified Answer, at 2 (and attached exhibit captioned

"Cayuga Correctional Facility, Time Allowance Committee Formal Notice",

dated September 28, 2004 and signed by Petitioner).  The hearing was

held on or about September 30, 2004.  Dkt. No. 9, Ex. C, at 2.

At the hearing, Petitioner explained that he would not participate in

the ASAT program because the program was voluntary and not "the result

of any mandatory Directives or Court order."  Dkt. No. 1 at Ground One,

attached pages at ¶ 2.  *See also* Dkt. No. 9, Ex. B at 10.  According to

Petitioner, he was informed by one of the TAC committee members that

because he was "sentenced to the Department of Corrections", he was

"State property" and must comply with the prison's directives. Dkt. No. 9,

Ex. B at 11.

The TAC recommended to the facility Superintendent that five years

of good time credits be withheld based upon Petitioner's refusal to

participate in the ASAT program.  Dkt. No. 1, attached pages at ¶ 2;

Resp't Mem. at 2.  The TAC noted that it would reconsider its decision

"upon completion" of the recommended treatment programs.  Dkt. No. 9,

Ex. A. The Superintendent affirmed the TAC's decision on October 1,

3

2004, and the decision was further affirmed by the Commissioner on

October 19, 2004. Pet. at attached pages, ¶ 2; Resp't Mem. at 2; Dkt. No.

9, Ex. A; Ex. C at 2.

**B.  State Court Proceedings**

Petitioner brought an Article 78 proceeding in Supreme Court,

Cayuga County, seeking the restoration of his good time credits.  *See* Dkt.

No. 9, Ex. B. Petitioner argued that the withholding of his good time

credits violated due process under the New York and the United States

Constitutions, and also violated the United States Supreme Court's

decision in *Wolff v. McDonnell*, 418 U.S. 539 (1974), because the prison

failed to: (1) provide him with an employee assistant at his hearing; (2)

provide advanced written notice of the claimed violations leading to the

possible withholding of good time credits; (3) provide a written report to

the Superintendent; (4) allow him a brief period not exceeding twenty-four

hours to prepare for his appearance before the TAC committee; and (5)

allow him to call witnesses and present documentary evidence in his

defense.  *See* Dkt. No. 9, Ex. B, Affidavit, at 4-6.  Petitioner further

asserted that participation in a substance abuse program was voluntary

under New York's Mental Hygiene Law. Dkt. No. 9, Ex. B at Verified

4

Petition, 12-13; Ex. C at 3-4.

In a decision and order dated January 12, 2006, the Cayuga County Supreme Court denied Petitioner's Article 78 petition.  Dkt. No. 9, Ex. D, at 2.  The court noted that the decision whether to grant good time credit "is discretionary."  *Id*. It further found that good time credits were "a privilege and not a right," and that "[a]n inmate's failure to participate in treatment programs provides a rational basis to withhold petitioner's good time."  *Id.* Finally, the court concluded that since the "discretionary decision of the Board of Parole was made in accordance with the law, it is not subject to judicial review", and that Petitioner's claims were "without merit."  *Id*.

Petitioner appealed the denial of his Article 78 petition to the New York State Supreme Court, Appellate Division, Fourth Department on or about January 23, 2006.  Pet. at Ground One ¶ 8; Dkt. No. 9, Ex. E. In his brief, Petitioner argued that his due process rights were violated when (1) he was not provided with a list of counselors he could choose from to assist him at the TAC hearing; and (2) his due process rights were violated when substance abuse treatment programs, voluntary under the Mental Hygiene Law, were "used against him" to justify withholding of his

good time credits.  Dkt. No. 9, Ex. E at 1 (Questions Presented); 6-10.

Petitioner also claimed that a form captioned "Time Allowance Notice

Assistance Form," indicating that Petitioner declined assistance by a

counselor at the hearing, was a forgery.  *Id.* at 7.

Respondent argued that Petitioner's claim that he was not provided

with a list of counselors he could choose from to assist at the TAC hearing

was unpreserved for appellate review because although Petitioner raised

the claim in his affidavit in support of an order to show cause, he failed to

raise it in his Article 78 petition.  Dkt. No. 9, Ex. F, at 5-6.  Respondent

further asserted that Petitioner failed to object to the lack of assistance at

the TAC hearing and, in any event, assistance was unnecesary because

Petitioner admitted his failure to participate in the ASAT program based

upon his belief that it was voluntary.  *Id.* at 6-7.  Respondent also argued

that although an inmate cannot be forced or coerced into participation in a

treatment program, it was "appropriate and rational for DOCS to conclude

than an inmate who refuses to take a counselor's recommendation to

improve or rehabilitate himself by taking certain programs is not exhibiting

good behavior and, therefore, is not entitled to receive a good behavior

time allowance."  *Id.* at 5.

6

On July 6, 2007, the Appellate Division "unanimously affirmed" the

dismissal of Petitioner's Article 78 petition without further opinion.  Dkt.

No. 9, Ex. G; *Plater v. Goord*, 838 N.Y.S.2d 456 (N.Y. App. Div., 4th Dep't.

2007). The New York Court of Appeals denied leave to appeal on October

16, 2007. *Id.* at Ex. H; *Plater v. Goord*, 876 N.E.2d 516 (N.Y. 2007).

## C. **Proceedings in This Court**

Petitioner filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 on April 8, 2008.  *See* Dkt. No. 1. On October 7, 2008, the

Office of the Attorney General for the State of New York, acting on

Respondent's behalf, filed a response and memorandum of law in

opposition to the petition, along with the relevant state court records. *See*

Dkt. Nos. 6-9.  Petitioner filed a Traverse on October 30, 2008.  Dkt. No.

13.

## II.    **Discussion**

Petitioner's only ground for habeas relief is that he was "coerced into

attending substance abuse program [sic] in violation of [his] First

Amendment Rights[.]"  Pet. at 5, Ground One.  Specifically, Petitioner

argues that his First Amendment rights were violated by the TAC's

decision to withhold five years of good time credits after Petitioner refused

7

to participate in a substance abuse treatment program he believed was voluntary.  *Id.* at Ground One; see also attached pages at ¶ 16. Respondent argues that this claim is unexhausted, procedurally barred, and without merit.  Resp't Mem. at 7.

### A. **Exhaustion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that before a state inmate may petition for habeas review under 28 U.S.C. § 2254, he or she must first exhaust all remedies available in state court unless there is an "absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i), (ii).  This statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies."  *Daye v. Att'y Gen. of State of N.Y.,* 696 F.2d 186, 190 (2d Cir. 1982) (en banc) (citations and footnote omitted).  "The exhaustion requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings [.]'"  *Jimenez v. Walker*, 458 F.3d 130, 148-49 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518,

(1982)), *cert. denied*, 549 U.S. 1133 (2007). "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Benjamin v. Taylor,* No. 05-CV-902, 2007 WL 2789454, *4 (N.D.N.Y. Sept. 24, 2007)(Kahn, J, adopting Report-Recommendation of Peebles, M.J.)(quoting *Glover v. Bennett*, No. 98-CV-0607, 1998 WL 278272, at *1 (N.D.N.Y. May 21, 1998) (Pooler, D.J.) (quoting *Daye*, 696 F.2d at 192) (footnote omitted)).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition.  Substantive exhaustion requires that a petitioner "fairly present" any federal constitutional claim to the highest state court in the same factual and legal context in which it appears in the habeas petition. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000) (citation omitted); *Sweeney v. Superintendent of Watertown Corr. Facility*, No. 06-CV-0663, 2007 WL 2176987, *5 (E.D.N.Y. Jul. 27, 2007) (citations omitted).

9

Here, Petitioner challenged the loss of good time credits in his Article 78 petition, but did so in the context of an argument that his state and federal due process rights were violated by the TAC's conduct of the hearing and by requiring participation - i.e., "coercing" participation - in what Petitioner alleges is a voluntary program in violation of New York's Mental Hygiene Law.  *See* Dkt. No. 9, Ex. B.  The Cayuga County Supreme Court analyzed the petition based upon these claims, noting Petitioner's argument was that Respondent "violated his due process rights and the New York Mental Hygiene Law." *Id.* at Ex. C at 2. On appeal, Petitioner asserted two grounds for relief: (1) that his procedural due process rights were violated when he was not given a list of correctional counselors from which to choose an assistant for the TAC hearing; and (2) his procedural due process rights were violated when "voluntary programs" were "used against him." *Id.* at Ex. E at i; 6-10. Petitioner never raised a First Amendment claim of any kind in his Article 78 petition, or in any other state court proceeding, and thus never alerted the state courts to such a claim. Petitioner's First Amendment claim is therefore unexhausted.

## 2.  **Procedural default**

10

Petitioner's unexhausted claim is also procedurally defaulted. Under New York law, the proper way to challenge the loss of good time credits is the commencement of an Article 78 proceeding and exhaustion of that proceeding in the state courts. *See Van Gorder v. Boucaud*, No. 08-CV-442, 2008 WL 2858678, *1 (N.D.N.Y. Jul. 22, 2008)(Mordue, C.J.)(citing *Scales v. New York State Div. of Parole*, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005)). Petitioners seeking Article 78 review of a prison's good time credit determination must commence the proceeding " 'within four months after the determination to be reviewed becomes final and binding upon the petitioner.' " *Walton v. New York State Dep't of Corr. Srvcs*, 863 N.E.2d 1001, 1005 (N.Y. 2007)(quoting N.Y. C.P.L.R. §217[1] ). *See Morales v. Selsky*, 733 N.Y.S.2d 760, 761 (N.Y. App. Div., 3d Dep't. 2001)(noting the four-month statute of limitations period applicable to Article 78 petitions).  An administrative determination becomes " 'final and binding' when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies." *Walton*, 863 N.E.2d at 1005.

Here, the TAC's decision to withhold good time credits became final on October 19, 2004, when Respondent affirmed its decision. Petitioner's

11

time to seek Article 78 review expired four months later, on or about

February 19, 2005.  He cannot return to state court to file another Article

78 proceeding challenging the same revocation of good time credits

because it would be time-barred.  *See Zaire v. West*, No. 04-CV-6217L,

2008 WL 4852677, *6 (W.D.N.Y. Nov. 6, 2008)(noting that state courts

"strictly and regularly apply the four-month limitation provision of Article 78

to proceedings seeking restoration of good time.")(quoting *Perry v. Woods*,

No. 07-CV-0341, 2007 WL 2973585, *3 (E.D.N.Y. Oct. 9, 2007)); *Muniz v.

David*, 791 N.Y.S.2d 733, 733-34 (N.Y. App. Div., 3d Dep't.

2005)(petitioner's failure to commence Article 78 proceeding until ten

months after the challenged final determination warranted dismissal of the

petition as time-barred); *Lynch v. Goord*, 724 N.Y.S.2d 367 (N.Y. App.

Div., 3d Dep't. 2001) (dismissing an Article 78 petition filed after the four-

month limitations period passed as time-barred).  Since there is an

absence of available state court corrective process to address Petitioner's

claim, it is therefore "deemed exhausted" but procedurally defaulted.  *See

Aparicio v. Artuz*, 269 F.3d 78, 90-91 (2d Cir. 2001); *Spence v.

Superintendent, Great Meadow Corr. Fac.*, 219 F.3d 162, 170 (2d Cir.

2000); *Senor v. Greiner*, No. 00-CV-5673, 2002 WL 31102612, at *10

(E.D.N.Y. Sept. 18, 2002).

Accordingly, the Court may not engage in habeas review of the claim unless Petitioner demonstrates either (1) good cause for and actual prejudice resulting from his procedural default, or (2) that the denial of habeas relief would leave unremedied a "fundamental miscarriage of justice," *i.e.*, that the petitioner is actually innocent. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Coleman v. Thompson*, 501 U.S. 722, 748-50 (1991); *Fama,* 235 F.3d at 809; *Garcia v. Lewis*, 188 F.3d 71, 76-77 (2d Cir. 1999); *Spencer v. Mantello*, No. 01-CV-0112, 2007 WL 446013 at *7 (N.D.N.Y. Feb. 7, 2007)(McAvoy, S.J., adopting Report-Recommendation of Bianchini, M.J.). This second exception is intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also House v. Bell*, 547 U.S. 518, 535-39 (2006).  If a showing of actual innocence is made, a habeas court "may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 477 U.S. at 496.

To establish "cause" sufficient to excuse a procedural default, a petitioner must show that some objective external factor impeded his or

her ability to comply with the relevant procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray*, 477 U.S. at 488); *Clark v. Perez,* 510 F.3d 382, 393 (2d Cir. 2008), *cert. denied* 129 S. Ct. 130 (2008); *Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999). Examples of such external mitigating circumstances can include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available to counsel" at trial or on direct appeal.[1]  *Murray*, 477 U.S. at 488.

Petitioner has failed to allege or establish cause for his failure to exhaust his First Amendment claim. To the extent that Petitioner's papers could be read to assert an argument that his claim should not be procedurally defaulted because he is "unqualified" and "indigent" and could not perfect his claim without assistance from counsel, that claim fails. *See* Dkt. No. 13 at 4.  The Second Circuit has held that ignorance does not constitute "good cause" to excuse procedural default. *See Washington v. James*, 996 F.2d 1442, 1447 (2d Cir.1993) ("Ignorance or inadvertence will not constitute 'cause' " for a petitioner's failure to raise a

---

[1]It should be noted, however, that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753 (quoting *Murray,* 477 U.S. at 488).

federal habeas claim on direct state appeal), *cert. denied* 510 U.S. 1078 (1994).  *See also Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007)(McCurn, S.J.)(noting that "[t]he mere failure of a petitioner to be aware of a particular area of the law ... does not constitute 'cause' " for a stay to exhaust claims in state court); *Stephanski v. Superintendent, Upstate Corr. Fac.*, 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006)("in the context of procedural default, a petitioner's allegation that he [sic] *pro se* and inexpert in the law does not provide sufficient 'cause' to excuse the failure to raise a claim in the proper state court tribunal."); *Santiago Gonzalez v. United States*, 198 F. Supp. 2d 550, 554 (S.D.N.Y. 2002) ("*pro se* status and ignorance of the law" do not constitute cause). Since Petitioner has not established cause for his procedural default, the Court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless *both* cause and prejudice are demonstrated. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Staley v. Greiner*, No. 01-CV-6165, 2003 WL 470568, at *7 (S.D.N.Y. Feb. 6, 2003)(*citing Stepney*), *Raymond v. David,* No. 04-CV-796, 2008 WL 2561997, * 4 (N.D.N.Y. Jun. 24, 2008)(Hurd, J.).

There is also no indication that Petitioner was actually innocent of

the conduct that gave rise to the disputed good time allowance denial.  To

the contrary, Petitioner admits that he refused to participate in the ASAT

program based upon his belief that participation in the program is

voluntary. *See* Dkt. No. 1 at 5.  Thus, there is no basis to conclude that the

failure to consider the merits of his claim would result in a fundamental

miscarriage of justice. *House,* 547 U.S. at 535-39; *Schulp v. Delo*, 513

U.S. 298, 327 (1995); *Spence*, 219 F.3d at 170. Accordingly, Petitioner's

First Amendment challenge to the loss of good time credits is procedurally

barred and his petition is dismissed. *See Benjamin,* 2007 WL 2789454, *4-

6 (N.D.N.Y. Sept. 24, 2007)(dismissing habeas petition where petitioner

claimed that the prison facility improperly withheld good time credits based

upon petitioner's failure to participate in certain recommended treatment

programs because the claim was deemed exhausted but procedurally

defaulted).[2]

---

[2]  The Court also notes that Petitioner has not alleged how any of the First
Amendment's guarantees have been impinged by TAC's decision to withhold good time
credit based on his failure to participate in treatment programs. Petitioner quotes case law
in his Traverse standing for the proposition that the government may not coerce anyone to
participate in religion or its exercise. *See, e.g.,* Dkt. No. 13, at 3-4. But he never argued in
state court that his refusal to participate in the ASAT program was based on an argument
that the program violated his religious rights, *i.e.*, his right to be free from coerced
participation in religion or prohibition on the free exercise of religion. Nor does he now
explain how participation in these treatment programs would violate his right to religious
freedom. Thus, Petitioner's procedurally defaulted First Amendment claim is also vague
and conclusory. *See, e.g.*, *Brown v. People of the State of New York*, No. 04-CV-1087,
2006 WL 3085704, *7 (E.D.N.Y. Oct. 30, 2006)("A habeas petition may be denied 'where
the allegations are insufficient in law, undisputed, immaterial, vague, conclusory, palpably

### III. **Certificate of Appealability**

For the reasons set forth above, the petition for a writ of habeas corpus filed by Petitioner is dismissed.  No certificate of appealability shall issue because he has failed to make a "substantial showing of a denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2)("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 783 (2000).

Accordingly, after reviewing petitioner's submissions and the relevant law, and for the reasons stated above, it is

   **ORDERED** that

1.  The petition for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED**; and

2.  The Clerk of the Court is directed to file judgment accordingly and serve a copy of this Order on Petitioner and Respondent in accordance

---

false or patently frivolous.' ")(quoting United States v. Malcolm, 432 F.2d 809, 812 (2d Cir. 1970); *Skeete v. People of New York State*, No. 98 Civ. 5384, 2003 WL 22709079, *2 (E.D.N.Y. Nov. 17, 2003)("vague, conclusory and unsupported claims do not advance a viable claim for habeas corpus relief.")(citation omitted).

with the Local Rules.

**IT IS SO ORDERED.**


**Dated: March 2, 2009**

United States District Court Judge